PER CURIAM.
 

 Gerald Lelieve appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion as untimely filed. We reverse.
 

 Pursuant to rule 3.850(b), an inmate has two years from the date on which a conviction and sentence become final within which to file a motion for post-conviction relief. Lelieve’s direct appeal became final for purposes of this rule when the mandate issued on May 29, 2009. He filed his motion on February 9, 2010. Thus, Le-lieve timely filed his motion.
 

 Additionally, the State filed a response below arguing that the motion, if timely, should nevertheless be denied because it was alleging a scoresheet error, and rule 3.850 was not the proper mechanism for relief on a scoresheet error. Lelieve, however, is not complaining about a scoresheet error. He is alleging that his trial counsel was ineffective for failing to object to several errors on the scoresheet, to wit, points for prior offenses which had been resolved as “no action.”
 

 Reversed and Remanded.